MELINDA V. LYON v. GOLDIE E. LASH.

No. 15,778. (99 Pac. 598.)

SYLLABUS BY THE COURT.

1. EVIDENCE—*Paternity of a Child of Divorced Parents—Descents and Distributions.* Where an action of ejectment has been commenced by a person claiming to be the child and sole heir at law of the deceased owner of the land in controversy, the mother of the plaintiff, who was divorced from the plaintiff's alleged father, is a competent witness to establish the heirship of the plaintiff.

2. ——— *Husband and Wife—Divorce—Witnesses.* A man and a woman were married to each other, and of this marriage a daughter was born. Afterward the father abandoned his wife and child. The wife lived with her father, who. was a lawyer and judge. She requested him to obtain a divorce for her. Afterward he informed her that a decree had been entered in her favor. She then married again and lived with her husband until he died. She married again. After the

daughter, who was born of the first marriage, reached the age of maturity, her father died leaving an estate. The daughter brought an action to recover the real estate, as his only surviving heir at law. In such action the mother of the plaintiff was permitted upon these facts, orally shown, to testify as to the paternity of the plaintiff. The, mother was not a party to the action and did not claim any interest in the estate of her child's father. *Held*, not error.

Error from Sedgwick district court; THOMAS C. WIL-SON, judge. Opinion filed January 12, 1909. Affirmed.

*John W. Adams,* for plaintiff in error.

*John D. Davis,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This is an action to recover possession of real estate. The plaintiff claimed to be the daughter and sole heir at law of the deceased owner, who died intestate. The land was in the possession of the defendant, who was the sister of the deceased owner and claimed to be his sole surviving heir. It is conceded that the defendant is the sister of the deceased, and is his sole surviving heir unless the plaintiff is his child. Whether the deceased owner was the father of the plaintiff or not is the controlling question in the case. Plaintiff recovered the land, and the defendant brings the case here for review.

The plaintiff produced her mother as a witness, who testified that she and the deceased owner of the land in controversy had been married and he was the father of the plaintiff; that he abandoned her and she afterward procured a divorce, and has been twice married since. The first of these later husbands died, and she is now living with the other. This evidence was not contradicted. No recorded evidence of the divorce was produced. The witness claimed that it was procured by her father, who was a judge, without her presence or assistance.

The defendant insists that this evidence was in-

sufficient to establish a divorce. It is claimed, on the other hand, that the subsequent marriage of the plaintiff's mother, which was not disputed, would create a presumption of a preceding valid divorce, which, in the absence of evidence to the contrary, would be sufficient proof of a divorce to make her a competent witness for the plaintiff. The authorities seem to sustain this claim (3 Ell. Ev. § 2486; 22 A. & E. Encycl. of L. 1237; 16 Cyc. 1082; *In re Estate of Megginson,* 21 Ore. 387, 28 Pac. 388, 14 L. R. A. 540, and note on page 543; *Wilson v. Holt,* 83 Ala. 528, 3 South. 321, 3 Am. St. Rep. 768), so that in either view the evidence of the plaintiff's mother was competent upon the question of heirship.

We are unable to find that material error was committed by the court in any particular, and the judgment is affirmed.